IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TAVEREOUS WILLIAMS
a/k/a/ TAVEROUS WILLIAMS,
    Petitioner,

vs.                                              Case No.: 1:15cv48/MMP/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1). Respondent filed an answer and relevant portions of the state court record (ECF No. 17). Petitioner filed a reply (ECF No. 23).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of

the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 17).[1]  Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2010-CF-4865, with one count of possession of ammunition by a felon (Count I) and one count of possession of not more than 20 grams of cannabis, a misdemeanor (Count II) (Ex. A at 20).  The court granted Petitioner's motion to sever the counts (*id.* at 45).  Following a jury trial on Count I, he was found guilty as charged (Ex. A at 37, Exs. B, C).  On April 28, 2011, Petitioner was adjudicated guilty and sentenced to ten (10) years of imprisonment, with pre-sentence jail credit of 142 days (Ex. A at 38–41).

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D11-2649 (Ex. E).  The First DCA affirmed the judgment per curiam without written opinion on October 10, 2012, with

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (ECF No. 17).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 1:15cv48/MMP/EMT

the mandate issuing October 26, 2012 (Exs. G, H).  Williams v. State, 98 So. 3d 574 (Fla. 1st DCA 2012) (Table).  Petitioner did not seek further review.

On January 22, 2013, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, presenting three claims of ineffective assistance of trial counsel (Ex. I at 1–13).  In an order rendered October 3, 2013, the state circuit court summarily denied the motion (*id.* at 25–30).  Petitioner appealed the decision to the First DCA, Case No. 1D13-4975 (*id.* at 96).  The First DCA affirmed the judgment per curiam without written opinion on October 6, 2014, with the mandate issuing November 3, 2014 (Exs. J, K).  Williams v. State, 150 So. 3d 1141 (Fla. 1st DCA 2014) (Table).

On January 26, 2015, Petitioner filed a petition for writ of habeas corpus in the state circuit court (Ex. L).  The court construed the petition as a Rule 3.850 motion, and denied it as untimely in an order rendered January 22, 2015 (Exs. M, N).

Petitioner filed the instant federal habeas action on March 12, 2015 (ECF No. 1).

II.   ANALYSIS

Petitioner presents the following claims in his § 2254 petition:

Ground One: "Petitioner deprieved [sic] of his right to be guarded against illegal search and seizure.  Petitioner stopped by a police [sic]

and instead of frisking him for safety reasons, the officer proceed [sic] to go directly in Petitioner's pocket and found round of ammunition without probable cause. Officer stated that he stopped Petitioner for walking on the street instead of the sidewalk for the purpose of issuing a citation pursuant to F.S. 316.130. However, no citation was issued and Petition [sic] was arrested for illegally seize [sic] ammunition."

Ground Two: "Arresting officer violated Petitioner's right to equal protection under the law. During the unlawful stop, arresting officer asked Petitioner if he possessed any weapons. Petitioner responded "No" just a pocket knife. The response arose from a previous arrest by the police officer where Petitioner was charged with possessing a weapon. However, the court determined that the pocket knife was not a weapon. The arresting officer admitted that he knew the knife was not a weapon, yet he proceeded to conduct the search based on those pretenses."

(ECF No. 1 at 5, 7).[2]

Respondent contends that despite Petitioner's characterizing Ground Two as an equal protection claim, it is essentially a Fourth Amendment claim, because Petitioner is arguing that the officer did not have probable cause to search him (ECF No. 17 at 8). Respondent contends Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims in the state court; therefore, they are not cognizable in federal habeas, pursuant to Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (*id.* at 5–8).

---

[2] The page references to the parties' pleadings reflect the page numbers as enumerated in the court's electronic docketing system.

Page 5 of 11

In Petitioner's reply, he argues the merits of the Fourth Amendment issues (ECF No. 23).

The Stone v. Powell doctrine provides: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (footnotes omitted). The Stone Court found that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." 428 U.S. at 494–95 (footnote omitted). "'For a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court.'" Mincey v. Head, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting Tukes v. Dugger, 911 F.2d 508, 513–14 (11th Cir. 1990), in turn quoting Morgan v. Estelle, 588 F.2d 934, 941 (5th Cir. 1979)).

The state court records demonstrates that prior to Petitioner's trial, defense counsel sought suppression of the evidence discovered as a result of Officer Jeffrey

Page 6 of 11

Boyd's stop and search of Petitioner, on the ground that Boyd lacked legal justification for the stop and search (*see* Ex. C at 15–40).  The trial court held an evidentiary hearing (*id.*).  The State presented testimony from Officer Boyd, and defense counsel cross-examined him (*id.*).  Counsel presented arguments on the suppression issue (*id.*).  The trial court made the following oral findings:

> THE COURT: All right, the motion to suppress is denied, and here's the reason why:
>
> I understand your argument, but I think that Mr. Chang's [the prosecutor] analysis is the one that applies here.
>
> First of all, the arrest here was made on that December date, whatever it was there, at 9:30 at night.  The officer testified that the defendant was northbound in the southbound lane of travel at night, and so he made the stop for that reason.
>
> There's nothing wrong with making a stop like that.  We're talking as if for some reason he can't walk on grass.  I don't know.  But even if he didn't walk on the grass, he could have walked on the edge of the roadway.
>
> But that wasn't where he was.  The officer testified he was in the lane of travel—middle of the lane of travel in the opposite—lane of travel from the opposite route.
>
> And secondly, then, when he asked the defendant if he had any weapons, the defendant said yes, and the officer then did not let him remove that weapon.  There isn't anything wrong with the officer retrieving that weapon.

      In the process of doing that, he discovers the pill bottle, which he has probable cause to believe is crack cocaine, based upon what it looks like; the rocks and—the multiple rocks in the pill bottle.

      Now, the fact that later on the pocketknife turned out to be a pocketknife under three inches, or whatever the 790 statute is—I can't recall. I think it's three inches. Maybe four. But whatever it is, that is not a relevant matter, because as he retrieved that is when he saw that.

      So it made no difference. He wasn't being arrested for the weapon. As he was retrieving what the defendant told him was a weapon, he takes it out and he sees at that point, in plain view, the suspected crack cocaine. At that point he had probable cause for an arrest. Once he had probable cause for arrest, he had probable cause for the search.

      So, to me, it all makes perfectly good sense; and I don't believe that it is a violation of the Fourth Amendment because, again, it's not whether the knife was or was not a weapon. That really is irrelevant. That was discovered along the course of it. But after the officer had a legitimate reason for stopping, a legitimate reason to remove that item.

      And just because—[e]ven if the defendant characterized it as a pocketknife doesn't automatically exempt it. Not all pocketknives are exempt. Only pocketknives are exempt that have a certain blade length, and so there wouldn't be any way that, just because somebody says, I have a pocketknife, that somehow or another that does not qualify as a weapon.

      In the process of the search, he discovers the other matter. And the motion to suppress is denied.

(Ex. C at 40–42).

The trial court reduced its findings to writing in an order denying the motion to suppress:

1. The testimony of Officer Jeffrey Boyd is that while he was on patrol, by himself, on December 8, 2010, at approximately 9:30 p.m., when [sic] he saw the Defendant walking in the middle of the roadway, northbound in the southbound lane, in the lane of and against the flow of traffic.

2. Based on this observation, Officer Jeffrey Boyd stopped the defendant and made contact with him for the civil infraction and for defendant's safety.

3. After the stop the officer noticed some bulges under the Defendant's jacket.

4. Officer Boyd asked the Defendant if he had any weapons on him, to which the Defendant responds "yes, a knife."

5. Officer Boyd, because he is alone and has safety concerns, retrieves the knife from the Defendant's right front pocket.

6. During the removal the knife [sic], Officer Boyd observes what he believes to be a vial of what appears to be crack cocaine.

7. At that moment Officer Boyd arrests the Defendant for possession of crack cocaine.

8. During a search of the Defendant, incident to his arrest, Officer Boyd found nine (9) .22 caliber bullets on the Defendant. Five (5) in a sock in the right front pocket, and four (4) in a pouch around the Defendant's neck.

9. The Defendant was also found to be in possession of cannabis.

(Ex. A at 42).

Petitioner obtained review of the suppression issue on direct appeal, arguing that (1) Officer Boyd's search was not pursuant to a consensual police-citizen encounter, (2) Officer Boyd did not have justification to subject Petitioner to an investigatory stop, and (3) Officer Boyd did not have probable cause to search Petitioner's person for weapons (Ex. E). The state appellate court affirmed the judgment (Ex. G).

Petitioner does not assert that he was not given a full and fair hearing on the merits of his Fourth Amendment claims, nor can he. The state court record establishes that he received full and fair consideration of his claims in the state courts. Because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the Florida courts, the claims afford no basis for federal habeas relief. *See* Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993) (holding that where Fourth Amendment claims were raised by motion to suppress and on appeal they were given a full and fair hearing and therefore barred under Stone).

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DENIED**.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this <u>6th</u> day of June 2016.


>/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 1:15cv48/MMP/EMT